UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNEST P. STEWART,

    Petitioner,                                    Civil No. 2:06-14349
                                                       HONORABLE LAWRENCE P. ZATKOFF
v.                                                        UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Earnest P. Stewart, ("Petitioner"), presently confined at the Mound Road Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, M.C.L.A. § 750.317. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Background**

Petitioner pleaded *nolo contendere* to the above offense in the Wayne County Circuit Court and was sentenced to fifteen to thirty years in prison. Petitioner's conviction was affirmed on appeal. *People v. Boyd,* No. 245270 (Mich.Ct.App. February 19, 2003); *lv. den.* 469 Mich. 875; 668 N.W. 2d 152 (2003).

On August 27, 2004, petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.* The motion was denied by the trial court on June 14, 2005. Petitioner filed an application for leave to appeal the denial of his post-conviction motion with the Michigan Court of Appeals. By petitioner's own admission, his post-conviction appeal

1

remains pending in the Michigan Court of Appeals.

Petitioner has now filed the instant petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

I.  Jurisdictional Defect.

II.  Nature of charges.

III.  Insufficient Factual Basis.

IV.  Misstatement of law.

V.  Illusory Plea.

VI.  Fourth Amendment violation.

VII.  Fifth and Sixth Amendment violations.

VIII.  Cumulative Prejudice.

IX.  Ineffective Assistance of Appellate Counsel.

X.  Additional inquiries (Ineffective Assistance of Appellate Counsel).

XI.  Illegal Police Misconduct.

## II. Discussion

The instant petition must be dismissed, because petitioner has not completed the exhaustion of his state court post-conviction remedies with respect to his claims.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and(c); *See Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims

that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner appears to have raised all eleven of his claims in his post-conviction motion for relief from judgment, which was denied by the trial court. Petitioner has appealed the denial of this motion to the Michigan Court of Appeals. By petitioner's own admission, his post-conviction appeal remains pending in the Michigan Court of Appeals.

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). A habeas petition should be denied on exhaustion grounds where the petitioner's appeal from the denial of a state post-conviction motion remains pending in the state appellate courts. *See Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970).

In the present case, the Michigan Court of Appeals has yet to rule on petitioner's post-conviction appeal. Moreover, if petitioner were to receive an adverse decision from the Michigan Court of Appeals, he would be required to seek leave to appeal from the Michigan Supreme Court in order to satisfy the exhaustion requirement. In the present case, because petitioner has failed to

3

complete his post-conviction appeals in the Michigan Court of Appeals or the Michigan Supreme Court, he has failed to exhaust the claims that he raised in his 6.500 motion. *See, e.g., Paffhousen v. Grayson,* 238 F. 3d 423, 2000 WL 1888659, * 2 (6th Cir. December 19, 2000)*; Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 125 S. Ct. 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004). *See also McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005).

In addition, there are no timeliness concerns here. Petitioner's direct appeals with the Michigan courts were completed on August 29, 2003, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals. Petitioner's conviction became final, for purposes of U.S.C. § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on November 27, 2003, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Fugate v. Booker*, 321 F. Supp. 2d 857, 859 (E.D. Mich. 2004).

Petitioner filed his state post-conviction motion for relief from judgment with the Wayne

4

County Circuit Court on August 27, 2004, after two hundred and seventy three days had already run on the one year statute of limitations.  Although the trial court denied the motion for relief from judgment on June 14, 2005, the one-year period continues to be tolled until petitioner completes his post-conviction appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See Carey v. Saffold*, 536 U.S. 214, 220-21 (2002); *Matthews v. Abramajtys*, 319 F. 3d 780, 787-88 (6th Cir. 2003).  Additionally, the one-year period may be tolled for an additional 90 days to allow for any filing in the United States Supreme Court. *See Abela v. Martin*, 348 F. 3d 164, 172-73 (6th Cir.2003).  Petitioner shall have 92 days after the conclusion of state collateral review (which amounts to 182 days from the date of the Michigan Supreme Court's decision) to seek federal habeas review.  Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to pursue those issues.  It is therefore unnecessary to hold the instant petition in abeyance pending the exhaustion of petitioner's claims. *See Root v. Davis,* No. 1662625, *2 -3 (E.D. Mich. June 12, 2006).

### III.  ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  October 20, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 20, 2006.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290